# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

MARKELL K. CATON,           )
                            )
    Plaintiff,          )   Case No. 10-04097-CV-C-DGK
                            )
v.                          )
                            )
MICHAEL J. ASTRUE,          )
Commissioner of Social Security, )
                            )
    Defendant.          )

## ORDER

Pending before the Court is the Plaintiff's appeal of the Social Security Administration's denial of her application for disability insurance benefits and supplemental security income. The Court has conducted an independent review of the record and considered the arguments set forth in the parties' briefs. For the reasons discussed herein, the Defendant's decision is AFFIRMED.

## Background

The complete facts and procedural history are discussed at length in the parties' briefs and are repeated here only to the extent necessary.

## Standard

The Court's review of the Defendant's decision is limited to whether it is consistent with the relevant case law, statutes and regulations, and whether the ALJ's findings of fact are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence review is a deferential standard intended to determine whether the evidence was "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Gonzales v. Barnhart,* 465 F.3d 890, 894 (8th Cir. 2006). Substantial evidence is "less than a preponderance." *Id.* The purpose of substantial evidence review is not to reach an independent conclusion, and thus it is irrelevant

that there may have been substantial evidence for a different result. *Nevland v. Apfel,* 204 F.3d 853, 857 (8th Cir. 2000). The Court must consider the entire record, including evidence that detracts from the ALJ's decision. *Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008).

In determining a claimant's eligibility, the Defendant employs a five-step process. First, the Defendant determines if the claimant is engaged in "substantial gainful activity."[1] If so, the claimant is not disabled. If not, the inquiry continues. Next, the Defendant determines if the claimant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the duration requirement,[2] the inquiry continues. If not, the claimant is not disabled. Next, the Defendant considers whether any such impairment is a "listing impairment" found in Appendix 1 of 20 C.F.R. § 404.1520. If so, the claimant is disabled. If not, the inquiry continues. Next, the Defendant considers whether the claimant's residual functional capacity ("RFC") includes the ability to perform past relevant work.[3] If so, the claimant is not disabled. If not, the inquiry continues. Finally, the Defendant considers whether, in light of the claimant's age, education and work experience, the RFC finding would allow the claimant to make an adjustment to other work. 20 C.F.R. § 416.920(a)(4)(i)-(v). If so, the claimant is not disabled. If not, the claimant is found disabled and the inquiry ends. As the party requesting relief, claimants bear the burden to prove that they are disabled. However, at Step 5, the Defendant is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [the claimant's RFC] and vocational factors." 20 C.F.R. § 404.1560(c)(2).

---

[1] Work is substantial if it "involves doing significant physical or mental activities…" Work is gainful if it is "do[ne] for pay or profit…[or] the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572. Thus, work must be substantial *and* gainful, but need not be *substantially gainful*.
[2] "Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement." 20 C.F.R. § 416.909.
[3] The Defendant defines RFC as "the most you can still do despite your limitations." 20 C.F.R. § 416.945(a)(1).

In denying the Plaintiff's application, the ALJ found that she had not engaged in substantial gainful activity since her alleged onset date of December 1, 2004, though she had worked in lesser capacities. R. at 38. He then found that she had the severe impairments of degenerative changes of the cervical spine and knees, but did not have a listing impairment. *Id.* at 39. He found that though she had the RFC to perform the "full range of sedentary work as defined in [the relevant regulations]…" she could not perform any past relevant work. *Id.* at 39, 42. Making use of the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ found that the Plaintiff could perform other work and was therefore not disabled. *Id.* at 43.

The Plaintiff argues that the Appeals Council wrongfully failed to consider new evidence she submitted. She further claims that the ALJ erred in relying on the Guidelines rather than a vocational expert in making his Step 5 determination and in performing improper RFC and credibility analyses. The Court will address these issues in turn.

## Discussion

**A. The Appeals Council Did Not Fail to Consider Material Evidence**

After her initial denial, the Plaintiff requested review by the SSA's Appeals Council. In support of this request, she submitted six exhibits which were not before the ALJ. Doc. 13-1-13-6. The Plaintiff claims that the Appeals Council failed to consider these exhibits and failed to remand the case in light of the new evidence pursuant of 42 U.S.C. § 405(g) (describing *judicial* remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding"). Evidence is "material" if it is "relevant to [a] claimant's condition for the time period for which benefits were denied." *Bergmann v. Apfel,* 207 F.3d 1065, 1069 (8th Cir. 2000).

While the Plaintiff is correct that the new exhibits do not appear on the Appeals Council's exhibit list, she is incorrect that the Appeals Council ignored them. The Appeals Council noted that it had received and considered these exhibits but found them to be "about a later time…[and] [t]herefore…do[] not affect the decision about whether you were disabled beginning on or before [the date of decision.]" R. at 2. The Plaintiff's opening brief does not make note of this, but cites a regulation requiring the Appeals Council to consider "any new and material evidence submitted to it which relates to the period on or before the date of the [ALJ's] decision." 20 C.F.R. § 404.976(b)(1). The Government notes that Document 13-5 *was* included in the Administrative Record, suggesting that the Appeals Council did consider it. R. at 149. Regarding the other exhibits, the Government reiterates the Appeals Council's statement that these medical records do not pertain to the Plaintiff's ability to work on December 5, 2008, the date of decision. The Plaintiff filed no reply brief.

The Plaintiff's failure to acknowledge a glaring contradiction to her arguments—found on the *second* page of the record—and subsequent failure to respond to the Government's argument is telling. Without expressing a view on whether anything contained in these records could lead to a determination of disability, it is clear that they are not "material" due to the time period.[4] While medical records necessarily mention previous examinations, progressive symptoms, etc., the Court cannot reasonably read any of the assessments of the Plaintiff's limitations retroactively to before December 2008. While the remedy to the Plaintiff—filing a new application—is not particularly satisfying from an administrative economy perspective, the Court cannot abdicate its appellate review role to order consideration of immaterial evidence.

---

[4] Document 13-1 relates to an examination which took place on July 2, 2009. Document 13-2 relates to August through October 2009. Document 13-3 relates to a February 2010 psychiatric examination. Document 13-4 relates to January 2010. Document 13-5 is a rent due notice from March 2010. Document 13-6 is a psychological visit report from October 2009.

### B. The ALJ's Credibility Determination, and Consequent RFC and Step 5 Findings, Were Properly Supported

The Plaintiff claims that the ALJ erred in making his Step 5 determination solely on the Medical-Vocational Guidelines—known as the Grids. She claims that the presence of nonexertional limitations required the testimony of a vocational expert. An exertional limitation is one the affects a claimant's "ability to meet the strength demands of jobs (sitting, standing, walking, lifting, carrying, pushing, and pulling)" and an nonexertional limitation is one that limits a claimant's ability for reasons other than strength. 20 C.F.R. § 404.1569a(b)-(c). "If the nonexertional impairments significantly affect the RFC…the guidelines are not controlling and may not be used to direct a conclusion of not disabled." *Muncy v. Apfel,* 247 F.3d 728, 735 (8th Cir. 2001) (quoting *Holz v. Apfel,* 191 F.3d 945, 947 (8th Cir. 1999)). The ALJ found that the Plaintiff had degenerative changes of the cervical spine and knees, but could perform sedentary work as defined by the Defendant's regulations. *See* 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."). The Plaintiff claims that her pain, obesity, mental impairments, numbness, and gastrointestinal sensitivities are all nonexertional impairments that should have been considered by a vocational expert at Step 5. The Court will first consider whether the ALJ erred in discounting the Plaintiff's claims of subjective impairments, and then whether his use of the Grids was appropriate.

The ALJ found that the Plaintiff was not credible to the extent that her claimed subjective symptoms exceeded his RFC determination. R. at 42. "To assess a claimant's credibility, the

ALJ must look to the claimant's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions." *Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008) (citing *Polaski v. Heckler,* 739 F.3d 1320, 1322 (8th Cir. 1984)). The absence of objective medical evidence to support the subjective complaints is a relevant factor but is not sufficient to make an adverse credibility determination. *Halverson v. Astrue,* 600 F.3d 922, 931-32 (8th Cir. 2010). Credibility is generally a fact issue for ALJs to decide, and their determinations are entitled to deference when explicit and well-supported. *Karlix v. Barnhart,* 457 F.3d 742, 748 (8th Cir. 2006).

Regarding the Plaintiff's alleged mental health limitations, the Court first notes that the Plaintiff's apparent suicide attempt took place in January 2010, outside of the relevant period. Doc. 13-4 at 38. For the relevant time period, the Plaintiff stated that she stopped taking the prescribed medication because she "didn't like it" and that she had not sought mental health care from any other source. R. at 22-23. Failure to follow treatment regimen and/or seek treatment is relevant to an adverse credibility determination. *Pate-Fires v. Astrue,* 564 F.3d 935, 945-46 (8th Cir. 2009). Regarding her abdominal problems, the Plaintiff stated that she has diarrhea and vomiting every time she eats, which has not improved since a 2008 surgery. R. at 18-19. The ALJ noted that there have been no medical reports of this and nothing to indicate weight loss commensurate with an inability to process any food. The Plaintiff was clear that this happens every time she eats, even something as small as a cracker. R. at 19. In determining that this claim was incredible, the ALJ therefore properly considered that the Plaintiff's daily activities and objective medical evidence were inconsistent with an inability to eat. Similarly, the ALJ noted that her claimed loss of feeling in her arms and blackouts did not prevent her from driving,

which seems inconsistent with the daily activities of a person whose arms go numb. R. at 42. The ALJ noted that the Plaintiff's pain was "aggravated by work activity that is more than sedentary in exertional demands." *Id.* If true, her claimed pain is not relevant to the finding that she can perform sedentary work. The Government's brief outlines the extent to which the Plaintiff's claimed pain is inconsistent with the views of her treating physician, Dr. Kiburz. Doc. 18 at 16-18. The Plaintiff's testimony further shows that her pain is alleged when she showers for longer than a few minutes, has to stand to cook, or vacuuming a room. R. at 21-22. While sedentary work requires some standing and walking, the Court finds that the ALJ's view that the Plaintiff's claimed pain did not relate to her ability to do sedentary work supported by substantial evidence. Finally, the ALJ noted that the Plaintiff had failed to follow doctor's advice to attempt a weight loss and exercise regime. R. at 42. This is further indicative of her lack of credibility under *Pate-Fires*. For all of these reasons, the Court will defer to the ALJ's credibility determination which led him to exclude these nonexertional limitations from his RFC findings. The ALJ properly used the Grids and determined that 201.25 directed a finding of not disabled based on the Plaintiff's ability to perform sedentary work, her status as a younger individual, her education, and the transferability of her job skills. 20 C.F.R. pt. 404, subpt. P, App. 2, 201.25. *See Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (affirming use of the Grids when the ALJ has discredited the claimant's nonexertional claims).

## Conclusion

The Appeals Council did not fail to consider material evidence and no remand is required. The ALJ's RFC and Step 5 findings are consistent with the law and supported by substantial evidence. The Defendant's decision is AFFIRMED.

**IT IS SO ORDERED**

Dated: August 12, 2011             /s/ Greg Kays
                                    GREG KAYS,
                                    UNITED STATES DISTRICT JUDGE